

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Phil Ford, Chief
Weights and Measures Division
Department of Agriculture
Austin 14, Texas

Dear Sir:

Opinion No. 0-5841
Re: Liability of surety on official bond of public weigher under Articles 5687 and 5688, and related questions.

You state there are a number of instances throughout the State where public weighers who, without attending to the formality of resigning their offices, have abandoned the same. This, you state, is usually accomplished by the officer accepting other full time employment, either where he resides or in other precincts than the place where he holds office. In either event such officers are not performing the duties of office.

Under such circumstances you advise that surety companies who have executed their official bonds desire to be relieved of any further liability thereon and you wish to be advised to what extent the companies may be relieved by you and how it may be accomplished.

There are two modes of selecting public weighers. One is by appointment of the Governor under the provisions of Articles 5681 and 5692. The other is by election under Article 5683. Both appointed and elected public weighers serve for a term of two years. Article 5685.

Each class of public weigher is required to execute a bond for the faithful performance of the duties of office. Articles 5687, 5688 and 5692. The bonds of those appointed are approved by the Commissioner of Agriculture while the bonds of those elected are approved by the County Judge.

Article 5702 specifically authorizes the suspension or dismissal from office of any public weigher, whether appointed

CATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or elected, who "is grossly incompetent in the performance of his duties;" or who is guilty of "malfeasance, misfeasance" or other cause. The language of this statute is certainly broad enough to cover the situations you have described.

The statute places the duty of acting squarely on the Commissioner of Agriculture. If the facts in a case warrant the action it is his duty to file specific charges of misfeasance or abandonment of office with the Governor in the case of appointed officers and with the Commissioners' Court in the case of elected officers. They, in turn, are charged with the duty of suspension or dismissal from office if the charges authorized by Article 5702 are supported.

These statutes, and what we have said, answer your question of "Just what relief we may be in a position to give the various bonding companies over the state . . . where a public weigher ceases his operations prior to the end of his term of office." We want it understood, however, that we are not ruling upon the validity of the procedure for the suspension or dismissal of public weighers as provided by the above statutes.

The opinion of July 23, 1931, to which you refer, addressed to your department, and ruling that you are not authorized by law to cancel or release a surety bond is correct. As we stated then, the sureties liability would cease after suspension, dismissal, or at the end of the term of office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 28, 1944

ATTORNEY GENERAL OF TEXAS

By Elbert Hooper
Elbert Hooper
Assistant

EH:b



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN